

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT (TCPA) LITIGATION   MDL No. 2295

## TRANSFER ORDER

**Before the Panel:** Plaintiffs move under Panel Rule 7.1 to vacate our order conditionally transferring this action (*Hernandez*) to MDL No. 2295. Defendant Portfolio Recovery Associates, LLC (Portfolio), opposes the motion.

The actions encompassing MDL No. 2295 involve allegations that Portfolio violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to debtors' cellular telephones using an automated system (autodialer), without the debtors' consent. *See In re: Portfolio Recovery Assoc., LLC, Tel. Consumer Prot. Act. Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). Plaintiffs in *Hernandez* allege that Portfolio and another defendant violated the TCPA and the Fair Debt Collection Practices Act (FDCPA) by placing debt collection calls to their voice over internet protocol (VOIP) landline using an autodialer, without their consent. Plaintiffs argue that their action is not appropriate for inclusion in MDL No. 2295 because (1) they allege defendants placed unauthorized calls to a VOIP landline, not a cellular telephone; (2) their action is primarily focused on their FDCPA claim; and (3) transfer would cause plaintiff to suffer prejudice and inconvenience.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2295, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. While *Hernandez* is unique in that it does not involve calls to a cellular telephone, we are persuaded that there is enough factual overlap between this case and those in MDL No. 2295 to warrant transfer. Plaintiffs bring their claim under the same TCPA provision as those in MDL No. 2295 alleging calls to cellular telephones. Regardless of what kind of telephone the calls were placed to, there will be factual overlap concerning the autodialer technology at issue, whether it violates the TCPA, and Portfolio's policies regarding such calls. Furthermore, Section 1407 transfer does not require a complete identity or even a majority of common factual and legal issues. *See In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).

As we have held in this docket, the presence of claims for violation of the FDCPA does not preclude transfer to MDL No. 2295. *See, e.g., Transfer Order (Baker)*, MDL No. 2295 (J.P.M.L.



-2-

Jun. 11, 2013). Finally, the Panel repeatedly has held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

While plaintiffs' claims have been brought against Portfolio and an apparently unrelated defendant, no party advocates for separation and remand of the claims against the unrelated defendant. Given the generalized nature of the complaint, we find that whether such claims belong in the MDL is best left to the transferee judge to decide. We encourage the transferee judge to scrutinize the claims and determine whether the claims against the non-Portfolio defendant are sufficiently related to the claims against Portfolio to remain in centralized proceedings. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay.").

IT IS THEREFORE ORDERED that this action is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable John A. Houston for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | MDL No. 2295 |

## SCHEDULE A

<u>District of Nevada</u>

HERNANDEZ, ET AL. v. AFNI, INC., ET AL., C.A. No. 2:15-00078